FILED

2016 NOV -2 PM 2:21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

THE UNITED STATES OF AMERICA,
for the use and benefit of BETANCOURT
CONSTRUCTION, INC.

Plaintiffs,

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, and FEDERAL
INSURANCE COMPANY

Defendants.
_________________________________/

CASE NO.: 3:16-cv-1380-J-39 PDB

## COMPLAINT

Plaintiff, The United States of America, for the use and benefit of BETANCOURT CONSTRUCTION, INC. ("Betancourt") sues Defendants, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers"), and FEDERAL INSURANCE COMPANY ("Federal") (collectively referred to as "Defendants"), and states:

### Jurisdictional Statement

This matter arises under the laws of the United States of America. Plaintiffs' case is based in whole or substantial part on its right to recover under the Miller Act, 40 U.S.C. § 3133(b).

### Parties, Jurisdiction, and Venue

1. BCI is a Florida Corporation with its principal place of business in Davie, Florida and is subject to this Court's jurisdiction.

2. Travelers is a Connecticut corporation and issuer of the surety bond with respect to the subject construction project located at the United States Naval Base in Guantanamo Bay, Cuba, and is subject to the jurisdiction of this Court.

3. Federal is a New Jersey corporation and issuer of the surety bond with respect to the subject construction project located at the United States Naval Base in Guantanamo Bay, Cuba, and is subject to the jurisdiction of this Court.

4. Harry Pepper & Associates, Inc. ("HPA") is a non-party Florida corporation with its principal place of business in Jacksonville, Florida.

5. The United States of America is nominally named as a plaintiff pursuant to the directives of 40 U.S.C. § 3133(b).

6. This court possesses personal jurisdiction over Travelers and Federal as this action pertains to construction work performed at the United States Naval Base in Guantanamo Bay, Cuba and a payment bond issued in reference to the same, and Travelers and Federal otherwise failed to perform acts required to be performed by agreement in the State of Florida.

7. Venue lies in the Middle District of Florida pursuant to the provisions of 40 U.S.C. § 3133(b) because this was the district where the subject contract at issue was to be performed and executed.

8. All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied or occurred.

**COUNT I**
**<u>BREACH OF MILLER ACT PAYMENT BOND</u>**

9. This is an action against Travelers and Federal, as principal and surety, against a payment bond pursuant to the Miller Act, 40 U.S.C. § 3133(b).

10. The general contractor, HPA, entered into a prime contract with NAVFAC Southeast, IPT South Atlantic on behalf of the United States Navy regarding Hurricane Sandy Waterfront Repairs at the United States Naval Base located in Guantanamo Bay, Cuba (formally Contract No. N69450- 1 2-D- 1 272 Task Order 0002) (hereinafter "Prime Contract").

11. HPA, as principal, and Travelers and Federal, as sureties, provided a payment bond pursuant to 40 U.S.C. § 3131(b)(2) for the protection of all persons supplying labor and materials in carrying out the work provided for in the Prime Contract. A true and correct copy of the referenced bond is attached as **Exhibit "A."**

12. HPA subcontracted a portion of its work under the Prime Contract to BCI (hereinafter "Subcontract"). A true and correct copy of the referenced Subcontract is attached as **Exhibit "B."**

13. BCI furnished labor and materials pursuant to the Subcontract and in prosecution of the work of the Project.

14. BCI performed all obligations pursuant to its Subcontract, change orders, and/or construction change directives until such time as it was terminated, whether expressly or constructively, by HPA. The basis for any termination was caused exclusively by others.

15. Plaintiff furnished the last of its labor and materials to the Project within one year of this action.

16. There remains an unpaid balance due to BCI in the amount of $991,165.64 plus interest, costs, and attorneys' fees with respect to the Project.

17. The balance due consists of $264,743.68 in retainage/contract balance and estimated delay damages in the amount of at least $726,421.96. Additional amounts are due to BCI but are not claimed pursuant to the Miller Act.

18. Plaintiff was not required to serve notice of nonpayment for the Project upon HPA and/or Travelers and Federal as BCI contracted directly with the general contractor, HPA.

19. Travelers and Federal breached their obligations to BCI under the payment bond.

20. BCI suffered damages in the amount of $991,165.64, plus interest, costs, and attorneys' fees with respect to the Project.

21. The principal sum of $991,165.64, exclusive of interest, costs, and attorneys' fees is now due and owing to Plaintiff.

22. Travelers and Federal are obligated to pay Plaintiff pursuant to the terms of the payment bond.

23. This action has been filed within one year from the date of last furnishing of labor, materials, or services.

24. Plaintiff performed all conditions precedent to maintaining this action and is entitled to recover the full amount due and owing.

WHEREFORE, Plaintiff, Betancourt Construction, Inc. demands judgment against Travelers Casualty and Surety Company of America and Federal Insurance Company, along with prejudgment interest, costs and attorneys' fees, and such other relief the Court deems equitable and just.

**THE BARTHET FIRM**
Attorneys for The United States of America, for the use and benefit of Betancourt Construction, Inc.
200 South Biscayne Blvd., Suite 1800
Miami, Florida 33131
(305) 347-5290 phone
alex@barthet.com – Primary
jhanson@barthet.com – Trial Counsel
ytorres@barthet.com – Assistant

ALEXANDER BARTHET
Florida Bar No.: 173126
JOHN C. HANSON
Florida Bar No.: 933767